IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JONATHAN CHRISTOPHER SCOTT, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:18-CR-00179-MHC-RDC-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:24-CV-03503-MHC-RDC |

**FINAL REPORT AND RECOMMENDATION**

Movant Jonathan Christopher Scott, confined at Federal Correctional Institution Beckley in Beaver, West Virginia, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 86.) This matter is before the Court for a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases, which provides that summary dismissal is proper when the motion and the attached exhibits plainly reveal that relief is not warranted.

For the reasons stated below, it is **RECOMMENDED** that the instant motion to vacate (Doc. 86) be **DENIED** as untimely.

**I. BACKGROUND**

On July 16, 2019, Movant was convicted of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), and he was sentenced to 120 months of imprisonment. (Doc. 52.) On direct appeal, the Eleventh Circuit enforced the

appeal waiver contained in Movant's plea agreement and dismissed his appeal on March 6, 2020. *United States v. Scott*, 796 F. App'x 711 (11th Cir. 2020). Movant filed the instant § 2255 motion on July 31, 2024, at the earliest. (*See* Doc. 86 at 16.)

## II.   DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) the movant's convictions became final; (2) a governmental impediment to filing the movant's federal habeas application was removed; (3) a constitutional right on which the movant relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) the movant, with due diligence, could have discovered the facts supporting his claims. 28 U.S.C. § 2255(f)(1)-(4). The limitations period in § 2255(f) is subject to equitable tolling. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (applying equitable tolling to 28 U.S.C. § 2254 petitions).

Based on his petition, Movant does not indicate that the circumstances set forth in § 2255(f)(2)–(4) apply. Turning to § 2255(f)(1), Movant's conviction became final on June 4, 2020, when the 90-day time limit to file a petition for writ of certiorari in the United States Supreme Court expired. *See Clay v. United States*,

537 U.S. 522, 525 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"); Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Movant then had one year, until June 4, 2021, to file a § 2255 motion. *See* § 2255(f)(1). Movant, however, did not file his § 2255 motion until July 31, 2024, at the earliest. (*See* Doc. 86 at 16.) His motion is therefore untimely by over three years.[1]

As noted earlier, the limitations period in § 2255(f) is subject to equitable tolling. *Akins*, 204 F.3d at 1089. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

---

[1] Movant cites *United States v. Dunlap*, No. 23-12883, 2024 WL 2176656 (11th Cir. May 15, 2024), and *United States v. Duarte*, 101 F.4th 657 (9th Cir.), *reh'g en banc granted and opinion vacated*, 108 F.4th 786 (9th Cir. 2024), (*see* Doc. 86 at 5), but neither of these cases affects the timeliness of the instant § 2255 motion. To the extent Movant relies on *New York State Rifle and Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), directly to establish timeliness, even if § 2255(f)(3) applies to *Bruen*, *but see In re Williams*, No. 22-13997-B, 2022 WL 18912836, at *3 (11th Cir. Dec. 15, 2022) (concluding that "the Supreme Court did not expressly indicate that it was announcing a new rule of constitutional law applicable to cases on collateral review"), the instant § 2255 motion is untimely, as it was filed more than one year after *Bruen* was issued.

extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks omitted). Here, Movant is not entitled to equitable tolling because he has not shown that he pursued his rights diligently and that an extraordinary circumstance preventing timely filing occurred during the one-year period in which he could have sought § 2255 relief. Thus, this action is untimely and is subject to dismissal.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the instant motion to vacate (Doc. 86) be **DENIED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

5

**IT IS SO RECOMMENDED,** this 5th day of September, 2024.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE